UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN as subrogee of GABRIEL LASALA**<br><br>*Plaintiff*<br><br>**VS.**<br><br>**CANTIUM, LLC**<br><br>*Defendant* | CIVIL ACTION NO.: _____<br><br><br>DISTRICT JUDGE:<br>_____<br><br><br>MAGISTRATE JUDGE:<br>_____ |

**ORIGINAL COMPLAINT AND REQUEST FOR TRIAL BY JURY**

NOW INTO COURT, through undersigned counsel, comes FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN, and asserts the following Original Complaint against Defendant, Cantium, LLC, and would respectfully show the Court as follows:

**I.  PARTIES**

1. Plaintiff, Foremost Insurance Company Grand Rapids, Michigan ("Foremost"), is an insurance company authorized to offer and sell marine and hull insurance in the State of Louisiana. At all times material hereto, Foremost subscribed to a hull policy issued to Gabriel LaSala, against loss due to collision/allision and similar perils. As a result of payments issued thereunder, Foremost is legally and contractually subrogated to the interests of its insureds to the extent of payments made to or on behalf of same.

2. Defendant, Cantium, LLC ("Cantium"), is a foreign corporation, organized and domiciled in the State of Delaware, and at all material times hereto, doing business in the Eastern District of Louisiana. Service upon Cantium may be perfected through its registered agent for service of process, CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.

1

## II. JURISDICTION

3. Plaintiff's subrogated claims arose in conjunction with the April 28, 2018 allision at the Cantium MP 37 BE platform, in Main Pass Block 37 of the Gulf of Mexico (the "Cantium Platform"). Jurisdiction of this Court arises under Admiralty Jurisdiction pursuant to 28 U.S.C. § 1333, and Rule 9(h) of the Federal Rules of Civil Procedure; pursuant to federal question jurisdiction under 28 U.S.C. § 1331; and 43 U.S.C. § 1331, et seq., commonly known as the Outer Continental Shelf Lands Act (OCSLA).

## III. FACTUAL BACKGROUND

4. On or about April 28, 2019, Gabriel LaSala was operating a 2016 WorldCat 295CC bearing hull identification number EPY03582A616 and registration number MI 7617 BX (hereinafter the "Vessel") in the Gulf of Mexico.

5. While underway, Gabriel LaSala was maintaining a proper lookout during the operation of the Vessel.

6. Due to the lack of appropriate navigational aids or warning devices on the Cantium Platform, Gabriel LaSala received no advance warning of the Vessel's proximity to a fixed structure in the Gulf of Mexico

7. At or about 11:30pm, the Vessel struck the Cantium Platform.

8. Upon information and belief, the Cantium Platform was owned and operated at all material times by Defendant, Cantium.

9. As a result of the allision of the Vessel with the Cantium Platform, the Vessel was deemed a constructive total loss.

10. As a result of the allision of the Vessel with the Cantium Platform, the passengers on the Vessel, including but not limited to, Gabriel LaSala, Randy Patterson, and Mark Junot sustained various injuries. The cost of medical treatment for these injuries was wholly or partially covered under liability, MedPay and Personal Injury Protection coverages afforded under the Foremost policy of insurance.

11.     As a result of the allision and sustained injuries to Gabriel LaSala, Gabriel LaSala was unable to work for a period of time following the accident and sustained losses for business interruption for which coverage and payments were provided under the Foremost policy of insurance.

### IV.  CAUSE OF ACTION: NEGLIGENCE

12.     At all times relevant to the matters made the basis of this suit, Defendant Cantium had a duty to exercise reasonable care to avoid the foreseeable risk of injury or damage to persons or property during the operation of the Cantium Platform.

13.     On the date in question, Cantium and its agents, servants and employees, acting in the course and scope of their employment were negligent in at least the following respects:

   a.  Cantium failed to install adequate navigational aids or warning devices on the Cantium Platform to notify vessels operating in the Gulf of Mexico of its location;

   b.  Cantium failed to adequately inspect and maintain existing navigational aids or warning devices on the Cantium Platform to notify vessels operating in the Gulf of Mexico of its location;

   c.  Cantium failed to observe industry standards relating to the operation and maintenance of warning devices and navigational aids affixed to the Cantium Platform;

   d.  Cantium failed to properly warn its employees or contractors of unsafe conditions in the failure to maintain the navigational aids and warning devices on the Cantium Platform;

   e.  Cantium failed to follow or implement adequate safety procedures, including those relating to the maintenance of warning devices on the Cantium Platform;

   f.  Cantium failed to properly train its employees regarding the proper operation and maintenance of the navigational aids and warning devices on the Cantium Platform; and

      g.    Cantium failed to act in a reasonable and prudent manner in allowing the navigational aids and warning devices affixed or otherwise on the Cantium Platform to cease to operate or to otherwise fail to be visible to boating traffic in and around the Cantium Platform so as to avoid an allision such as the one made the basis of this litigation.

14.    As a direct and/or proximate result of the above-stated negligent acts or omissions of Defendant Cantium, Foremost has sustained damages which were proximately caused by Cantium.

15.    Plaintiff, Foremost sustained damages in at least the following amounts:

    a.    $183,778.90 which includes the fair market value of the Vessel, the cost of recovery and salvage of the Vessel, and damages to personal property or appurtenances aboard the Vessel as of the date of the incident made the basis of this litigation;

    b.    $10,000 which includes MedPay and/or Personal Injury Protection payments issued in relation to medical services provided to Gabriel LaSala;

    c.    $257.75 which includes MedPay and/or Personal Injury Protection payments issued in relation to medical services provided to Randy Patterson;

    d.    $725.11 which includes MedPay and/or Personal Injury Protection payments issued in relation to medical services provided to Mark Junot.

    e.    Unliquidated damages yet to be ascertained for personal injury or medical payments to or on behalf of LaSala, Patterson, or Junot in relation to the underlying events and circumstances.

    f.    Unliquidated damages yet to be ascertained for business interruption payments issued in relation to businesses losses sustained by Gabriel LaSala.

## V.  JURY DEMAND

16.    Plaintiff hereby requests a trial by jury.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Foremost Insurance Company Grand Rapids, Michigan, as subrogee of Gabriel LaSala, prays for the following:

(a) Judgment for Plaintiff of its actual damages for losses sustained to the vessel, appurtenances and personal effects of Gabriel LaSala and paid by Foremost valued in the amount of at least $183,778.90;

(b) Judgment for Plaintiff of its actual damages for losses sustained as a result of personal injury or medical payments to or on behalf of passengers of the Vessel at the time of the allision with the Cantium Platform;

(c) Judgment for Plaintiff of its actual damages for losses sustained as a result of business interruption damage payments to or on behalf of Gabriel LsSala;

(d) Award prejudgment interest on the actual damages award to Foremost;

(e) Award Foremost all other relief both at law and in equity to which it may show itself to be justly entitled.

Respectfully submitted,

KINCHEN, WALKER, BIENVENU,
BARGAS, REED & HELM, LLC


By: /s *VALERIE BRIGGS BARGAS*
   VALERIE BRIGGS BARGAS
   Louisiana Bar Roll No. 27392
   vbargas@kwbbrlaw.com

9456 Jefferson Highway
Building III, Suite F
Baton Rouge, Louisiana 70809
Telephone: (225) 292-6704
Direct:  (225) 923-7843
Facsimile: (225) 292-6705

~ and ~

                                          RANDALL J. POELMA, JR.
*Pro Hac Vice Pending*
rpoelma@ds-lawyers.com

DOYEN SEBESTA & POELMA, LLLP
450 Gears Road, Suite 350
Houston, Texas 77067
Telephone: (713) 580-8900
Direct:  (713) 580-8909
Facsimile: (713) 580-8910

ATTORNEYS FOR FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN